Nott, J.,
delivered the opinion of the court:
The opposing- counsel on the argument supplied the various legal ellipses of the petition in the most opposite manner. The defendants, however, have not moved for a rule requiring the , petition to be made definite and certain, but that it be dismissed for want of jurisdiction. Their motion is general, and in the-following words:
u The defendants, by their Attorney General, come and move-the court to grant a rule against the claimant in this action, requiring him to show cause why his petition filed herein should not be dismissed, for the reason that this court has not jurisdiction to hear and determine the’cause of action therein set forth..
“T. LYLE DICKEY,

11 Assistant Attorney General.”

The action is brought to recover $72,508, with interest thereon from the 15th October, 18C2. The petition does not in terms profess to seek relief under the uAbandoned or captured property act,” and the learned counsel of the claimant was understood by a majority of the court to put his case upon other grounds.
The petition alleges that the “ United States illegally, violently,, and forcibly tools possession” of the claimant’s plantation in Louisiana, in October, 3862, “ whom they dispossessed, and continued to hold possession thereof until January, 1866, on the false and illegal pretext that the property usas abandoned by the oivner.”
This allegation necessarily means either that the government of the United States was guilty of trespass, or that the agents of the United States were. In either event it falls directly within the ruling of this court in Johnson’s Case, (2 C. Cls.- K., p. 391,) wherein it is said, uThis court has again and again held to the principle of the common law that the government cannot be sued in actions sounding in tort, nor made liable for the tortious acts of its officers.”
*115 The petition then proceeds to show that at the time of the intrusion on the plantation there was upon it certain personal property of the value of $42,508, all of which uwas destroyed or talcen and carried away by the United States, and those agents loho were put in charge of the plantation, so that the petitioner has been and still remains entirely deprived of it, and the United States have become liable in lato,” &c.
An ambiguous pleading is always to 'be construed most strongly against the pleader, and this allegation thus construed shows only that the agents of the United States have been guilty of an illegal act for which the claimant holds the government liable. It does not show a tailing for public use within the meaning of the Constitution, nor a benefit derived by which we may infer an implied contract.
The petition next alleges that during the time u the plantation was in possession of the United States it toas rented out by the United States to persons who made large crops of sugar mid molasses,” which “ were worth ” $30,000, and “ which the United States are justly and legally liable to pay him.”
If the petition showed that the defendants had received the avails of this crop, or if it showed that they, as lessors, received a rent to the use of the claimant, we might infer that the action was based on an implied contract, or brought under the uAbandoned or captured property acts;” but the demand for the entire avails of the crop made and carried away by other persons, and the manner of connecting the defendants with that crop, viz, by an unlawful entry on the one hand and an unauthorized leasing on the other, is understood to define the action as one seeking different and less circumscribed relief.
Taking the different parts together, the petition contains the elements of a declaration in trespass, guare clausum fregit, with allegations of special damage as to the personal property destroyed and the crops made and carried away. It contains nothing more. It holds the defendants liable for all that was on the plantation during the claimant’s dispossession, and it rests this liabilitj7 on the precise elements of trespass — possession in the one party — an entry illegal, violent, forcible, by the other.
Since this conclusion was reached, the argument in another case has brought to our attention the recent ruling of the Supreme Court in the case of Gibbons. It seems to us decisive *116 of tbe precise point here, and conclusive as to our jurisdiction.
Tbe judgment of tbe court is, that tbe petition be dismissed for want of jurisdiction in tbis court to bear and determine tbe cause of action therein set forth.