Draee, Ch. J.,
delivered the opinion of the court:
In November, 1862, Major General Butler, United States Volunteers, commanding at New Orleans the Department of the Gulf, ordered a sequestration of all the property in all that part •of the State of Louisiana lying west of the Mississippi Biver, except the parishes of Plaquemines and Jefferson, and appointed a commission of military officers to carry out said order.
Among the powers conferred on said commission -was the *397 power to work, for account of the United States, such plantations as were deserted by their owners or were held by disloyal owners.
Under this power, the commission gave authority to one Faux, to work two plantations of William J. Minor, the claimant’s, testator, and three others of other persons; and the said Faux, took possession of all of said plantations, and from the cane found upon them made a quantity of sugar and molasses. Upon each of them, also, he found sugar and molasses already made.
From the several plantations he shipped to New Orleans a large quantity of those articles, as well that which he had made as that which he found already made there; but there was nothing to indicate how much of each came into the hands of the commission.
The whole quantity shipped by him from the five plantations-was 730 hogsheads of sugar and 2,338 barrels of molasses; of which, however, only 501¿- hogsheads and 1,764= barrels were received by the commission; and there was nothing to enable the commission to know from which of the five plantations any particular part came; and the whole was therefore carried by the commission into one general account.
The 5011 hogsheads of sugar and 1,764 barrels of molasses were sold by the commission. The whole transaction took place vbefore the passage of the Captured, and abandoned property act of March 12,1863; and it is therefore claimed that we have no jurisdiction to render any judgment for the claimant in the premises.
This is the same question that was before us in Barringer’s Case, (3 C. Ols. B., id. 358,) where we held that the third section of the Act 2d July, 1864, had the effect, in connection with the Act 12th March, 1863, of giving us jurisdiction over cases which had arisen prior to the last-named date. We adhere to the decision in that case, and hold that our jurisdiction extends to the case in hand.
The proceeds of sugar and molasses shipped from the plantations of the claimant’s testator having been paid into the Treasury, and his loyalty having been satisfactorily shown, the claimant is entitled to judgment.
' From the testator’s two plantations, Faux shipped 352 hogsheads of sugar and 854 barrels of molasses; and for these quantities the claimant demands judgment.
*398 We have seen, however, that only a .part of the shipments made by Faux were received and sold by the commission, and that there was no way to distinguish what came from one plantation from what came from another — to any such extent, at least, as to enable ns to decide that point satisfactorily; and there seems, therefore, to be no course left to us but to apportion the amount received by the commission among’ the several plantations, in proportion to the amount shipped from each.
The shipments were as follows:

Apportioning the 5011 hogsheads and 1,704 barrels to the several plantations, according to the amount shipped from each, we find 241 of the former and 640 of the latter to have come from the plantations of Minor.
The average net proceeds of the sugar and molasses sold were $64 91 per hogshead of the former, and $7 56 per barrel of the latter, and this rate we allow the claimant for the 241 hogsheads and 640 barrels; making in the aggregate 020,481 71; for which sum judgment is awarded her.