*635
 
 The CHIEF JUSTICE
 

 delivered the opinion of the court.
 

 The destruction of property complained of was during the war and in one of the States engaged in the rebellion, and the presumption, in the absence of inconsistent allegations, is that it was by the military forces of the United States. It is clear that a petition for compensation for injuries of this character could not be sustained in the Court of Claims, for the demand plainly grows “ out of the destruction or appropriation of or damage to property by the army or navy engaged in the suppression of the rebellion,” and is excluded from the cognizance of that court by the express terms of the act of July 4th, 1864.
 

 But it is insisted that the'court had at least jurisdiction of the case made by the petition in respect to the leasing of the plantation, under the amendment to the Captured and Abandoned Property Act made by the second and third sections of the act of July 2d, 1864. These sections provide for leasing abandoned lands by the agents of the Treasury Department, and the payment of the net amounts of rents collected into the Treasury. But the petition in this case makes the leasing an incident only to the unlawful appropriation and spoliation of the plantation. It does not allege any leasing by the agents of the Treasury Department, or that any rents were collected by them or paid into the Treasury.
 

 It is plain, therefore, that the petition does not state a case within the jurisdiction of the Court of Claims. If the petitioner has any claim upon the government he must seek relief from Congress.
 

 The decree dismissing the petition must be
 

 Affirmed.