Bichakdson, Ch. J.,
delivered the opinion of the court:
This case was referred to the court by the Committee on Claims of the Senate, January 26,1884, under the provisions, of the Act of March 3,1883, chapter 116 (22 Stat. L., 485).
On a preliminary inquiry the court found the claimant to have been loyal to the Government of the United States throughout the war.
The case was tried December 26, 1886, on a motion to dismiss for want of jurisdiction, by Edward M. Watson, esq., of the Attorney-General’s office, for the defendants,' and by T. H. N. McPherson, esq., for the claimant.
It appears by the petition that the following claims are presented :
1. For personal property, stores, and supplies taken from his plantation in St. Charles Parish, La., in 1862, and used by the Army of the United States. This claim was never presented to the Southern Claims Commission, which had jurisdiction of the same, and is therefore barred by the express provisions of the act creating that Commission. (Act of March 3, ch. 116, § 4,16 Stat. L., 525, and Act of March 3,1873, ch. 236,17 id., 577.)
2. Yalue of sugar-cane grown on said plantation in 1862, when the plantation was seized by the Army of the United States for its use, and said cane manufactured and sold by the sequestration commission appointed by General Butler in November, 1862.
3. For use and occupation of said plantation in 1863, 1864, and 1865, by a special agent of the Treasury Department, less amount received by claimant from said special agent on account of crop harvested.
Of these two claims (second and third) the Court of Claims-had jurisdictioh, in whole or in part, under the Captured and Abandoned Property Act, and those of which it had such juris *151 diction are barred thereby, and those not so barred, if any, are for damage to property by the Army, and this court is excluded from jurisdiction by the section of the statute hereinafter cited. •(Minor’s Case, 6 C. Cls. R., 393; Terry’s Case, 8 id., 277; Moore’s Case, 10 id., 375.)
4. For damages by the destruction of seed-cane, buildings, &c., on said plantation in the years 1863,1864, and 1865.
By the following section-of the Act of 1883 (the Bowman Act) the court has no jurisdiction of these claims:
“Sec. 3. The jurisdiction of said court shall not extend or include any claim against the United States growing out of the destruction or damage to property by the Army or Navy during the war for the suppression of the rebellion, or for the use and occupation of real estate by any post of the military or naval forces of the United States in the operations of said forces during the said war at the seat of war. Nor shall the said court have jurisdiction of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.”
The whole case is dismissed for want of jurisdiction, and the clerk will certify a copy of this opinion to the Committee on War Claims of the House of [Representatives.
Nott, J.:
As regards the principal claim in this case, I am of the opinion that this court never could have entertained jurisdiction of it, and consequently that it is not barred by the Abandoned or Captured Property Act; for the case is almost identical with that of Pugh (5 C. Cls. R., 113; 7 id., 284; 13 Wall., 633), concerning which this court held that the petition contained simply “ the elements of a declaration in trespass, quareclausum fregit — an entry violent, illegal, forcible by the defendants; ” and the Supreme Court that the action was really based “ on the unlawful appropriation and spoliation of the plantation.”
In other words, the gravamen of both cases is trespass, and the injuries set up are incident to the trespass, and the acts complained of are the alleged torts, negligences, mistakes, and illegal proceedings of public agents. Of such cases the court has no jurisdiction under any statute.
The forcible entry complained of in this case was by military authority, and of such cases the court is expressly prohibited from exercising jurisdiction by the third section of the Bowman *152 Act. The only liability -which ever arose on the part of the United States was for moneys received as profits of the plantation ; those moneys have been paid over to the claimant, and his only legal claim was satisfied thereby and extinguished.